**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

-----------------------

No. 00-40795
Summary Calendar

-----------------------

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GUADALUPE ALANIZ-RAMIREZ,

Defendant-

Appellant.

-------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-00-CR-363-ALL
-------------------------------------------------------------
November 20, 2001

Before DAVIS, BENAVIDES, and STEWART, Circuit Judges:

PER CURIAM:[*]

Guadalupe Alaniz-Ramirez appeals the 57-month sentence imposed following his plea of guilty to a charge of being found in the United States after deportati on, a violation of 8 U.S.C. § 1326. He contends that the felony conviction that resulted in his increased sentence under 8 U.S.C. § 1326(b)(2) was an element of the offense that should have been charged in the indictment. This argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998). See Apprendi v. New Jersey, 530 U.S. 466, 489-90 (2000); United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), cert. denied, 121 S. Ct. 1214 (2001). In light of the following, however, this issue is moot.

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Over his objection, Alaniz-Ramirez's offense level was enhanced 16 levels pursuant to U.S.S.G. § 2L1.2(b)(1)(A) based on a Texas felony driving-while-intoxicated ("DWI") conviction which was characterized as an aggravated felony. When it sentenced Alaniz-Ramirez, the district court did not have the benefit of this court's opinion in United States v. Chapa-Garza, 243 F.3d 921, 927 (5th Cir. 2001), which holds that a Texas felony DWI conviction is not a "crime of violence" as defined in 18 U.S.C. § 16 and thus is not an aggravated felony for the purpose of a § 2L1.2(b)(1)(A) 16-level enhancement. Under Chapa-Garza, the 16-level increase is improper.

Accordingly, we VACATE Alaniz-Ramirez's sentence and REMAND for resentencing in accordance with Chapa-Garza.